UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                              CASE NO.

JAMES ROBERT KNOWLES and                            05-06402-8-ATS
JULIE LAURA KNOWLES,

    DEBTORS

ORDER ALLOWING MOTION TO DISMISS
AND ESTABLISHING TIME IN WHICH TO CONVERT CASE

Pending before the court is the motion to dismiss or convert to chapter 7, or alternatively for relief from stay, filed by DIRECTV, Inc.  A hearing was held in Raleigh, North Carolina on October 26, 2005.  For the reasons that follow, the chapter 13 case of debtor James Robert Knowles will be dismissed, and Mr. Knowles will be allowed time in which to convert his case to a case under chapter 7 of the Bankruptcy Code.  This order does not affect the filing by Mrs. Knowles.

James Robert Knowles and Julie Laura Knowles filed a petition for relief under chapter 13 of the Bankruptcy Code on August 18, 2005. DIRECTV filed the instant motion to dismiss, contending that Mr. Knowles is not eligible to be a debtor under chapter 13 because DIRECTV's claim exceeds the debt limits established in 11 U.S.C. § 109(e), which provides

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and

>       noncontingent, liquidated secured debts of less than
>       $922,975, or an individual with regular income and such
>       individual's spouse, except a stockbroker or a commodity
>       broker, that owe, on the date of the filing of the petition,
>       noncontingent, liquidated, unsecured debts that aggregate
>       less than $307,675 and noncontingent, liquidated, secured
>       debts of less than $922,975 may be a debtor under chapter 13
>       of this title.

Mr. Knowles opposes the motion, contending that DIRECTV's debt is neither noncontingent nor liquidated.

DIRECTV's claim arises from litigation pending against Mr. Knowles in the United States District Court for the Eastern District of North Carolina in which DIRECTV alleges that Mr. Knowles used 87 electronic devices designed and sold for the purpose of illegally obtaining access to DIRECTV's satellite programming without paying for the service. The complaint also alleges that Mr. Knowles was involved in the transfer or resale of those devices. On April 29, 2005, DIRECTV filed a motion for summary judgment in the district court litigation, and Mr. Knowles failed to respond to the motion. Several months later, Mr. Knowles filed a motion for leave to respond out of time. The district court has not ruled on the motion for summary judgment or the motion for leave to respond out of time.

DIRECTV contends that it is not necessary for the district court to enter its order allowing summary judgment for this court to find that the debt is noncontingent. Mr. Knowles refused to answer most of the discovery requests in the district court litigation, asserting his Fifth Amendment right against self-incrimination. In civil cases, the

court may make an inference from the refusal to answer that the responses would have established liability.  In addition, DIRECTV contends that it has substantial affirmative evidence to support its motion.  Finally, Mr. Knowles' failure to respond to the motion significantly enhances the likelihood that judgment will be entered in favor of DIRECTV. Mr. Knowles contends that the debt is contingent until liability has been finally determined.

Generally speaking, whether a claim is contingent depends upon "the nature or origin of liability.  More precisely, it relates to the time or circumstances under which the liability arises.  In this connection liability does not mean the same as judgment or remedy, but only a condition of being obligated to answer for a claim." In re Knight, 55 F.3d 231, 236 (7th Cir. 1995), quoted in In re Mazzeo, 131 F.3d 295, 303 (2nd Cir. 1997).  Distilled to their essence, the gist of the cases establish that a debt is noncontingent if all of the events necessary to give rise to liability for it take place prior to the filing of the petition.  Conversely, the debt is contingent if it will not become an obligation on the part of the debtor until some future event takes place.  Mazzeo, 131 F.3d at 303 (citing cases in support of this general proposition).

In the instant case, the actions giving rise to liability have all occurred.  The incomplete status of the pending litigation means only that the debt is "disputed," not that it is "contingent."

3

> The existence of a dispute, and the prerequisite that the claimant establish its claim by a given quantum of proof, mean only that the claim is disputed, not that it is "contingent" in the sense of depending on the occurrence of an extrinsic event.

Mazzeo, 131 F.3d at 304.  Because there is no additional action that Mr. Knowles would have to take to create liability, assuming that DIRECTV can prove its allegations, the debt is noncontingent, but disputed.  "[T]he disputed status of a claim that is otherwise noncontingent and liquidated is not a basis to exclude it from the § 109(e) jurisdictional calculation."  In re Tabor, 232 B.R. 85, 89 (Bankr. N.D. Ohio 1999).

Mr. Knowles also contends that the claim is not "liquidated."  "If the value of the claim is easily ascertainable, it is generally viewed as liquidated."  Mazzeo, 131 F.3d at 304 (internal quotations and citation omitted).  A claim is liquidated if it is determinable by a simple computation or if its amount is made certain by operation of law.  Mazzeo at 304.

DIRECTV acknowledges that the exact amount of its claim cannot be determined at this time, but a minimum claim is easily ascertainable.  Among DIRECTV's causes of action are statutory claims for violations of 47 U.S.C. § 605(e)(4), which proscribes the sale or distribution of devices primarily used for the unauthorized decryption of direct-to-home satellite services.  The statute provides for damages of not less than $10,000, and not greater than $100,000, plus costs and fees, for

4

each violation.  47 U.S.C. § 605(e)(3).  Case law has established that the sale or distribution of each separate device constitutes a separate violation for purposes of determining statutory damages.  See DIRECTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 476 (W.D. Va. 2004).  Accordingly, the minimum amount of DIRECTV's claim is $870,000, or $10,000 for each of the 87 devices alleged.

The court is persuaded that the value of the claim is easily determinable, at least to establish that the minimum value far exceeds the debt limits for chapter 13 eligibility.  Accordingly, Mr. Knowles is not eligible to be a debtor under chapter 13 pursuant to § 109(e).

Based on the foregoing, the motion to dismiss is **ALLOWED** as to Mr. Knowles.  Mr. Knowles may convert his case to chapter 7 within 10 days of the date of this order.  If no notice of conversion is filed, the case will be dismissed without further hearing.  The motion to dismiss is **DENIED** as to Mrs. Knowles, as no allegation was made that DIRECTV has a claim against Mrs. Knowles or that she is otherwise ineligible to be a debtor.

**SO ORDERED.**

**DATED:  October 31, 2005**

A. Thomas Small
United States Bankruptcy Judge